Ninth Circuit Case No. 14-56302

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUG 2 6 2014

FILED_____
DOCKETED_____
          DATE    INITI

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNEST DEWAYNE JONES, | ) **District Court Case No.** |
| | ) **CV09-02158-CJC** |
| **Petitioner-Appellee,** | ) |
| | ) |
| vs. | ) |
| | ) |
| KEVIN CHAPPELL, Warden, | ) |
| | ) |
| **Respondent-Real Party** | ) |
| **in Interest,** | ) |
| | ) |
| MR. EMERY D. SOOS, JR.; | ) |
| DR. ROBERT V. JUSTICE, | ) |
| | ) |
| **Appellants.** | ) |
| | ) |

## RESPONSE TO COURT'S ORDER OF AUGUST 12, 2014

Mr. Emery D. Soos, Jr.
Dr. Robert V. Justice
9461 Charleville Blvd.
Beverly Hills, CA 90212-3017
Fax: 1-310-881-6987
Email: gwashington1812@yahoo.com

Appellant Mr. Emery D. Soos, Jr. and Appellant Dr. Robert V. Justice (Appellant Soos and Appellant Justice) are in receipt of this Court's order of August 12, 2014 as Document No. 127 requesting an explanation why this appeal should not be dismissed for lack of jurisdiction due to Appellant Soos's and Appellant Justice's lack of standing to appeal.

In 2012, Proposition 34 was placed on the ballot so that the People of the State of California could decide whether to preserve the death penalty or abolish it. Proposition 34 was defeated and the People of the State of California expressed their will to keep the death penalty in this state intact. The death penalty is the law of this land.

*Jones v. Chappell* was a total sham. The State of California was the real party in interest on both sides. Petitioner Jones was represented by the Habeas Corpus Resource Center, which is part of the judicial branch of the State of California. A copy of a printout from the website of the Habeas Corpus Resource Center is attached as Exhibit A and it indicates that the Habeas Corpus Resource Center is part of the judicial branch of the State of California on the last sentence of the first paragraph. Respondent Chappell was represented by the California Department of Justice-Office of the Attorney General, which is part of the executive branch of the State of California. There was no case or controversy in *Jones v. Chappell* and the federal district court lacked jurisdiction to declare

California's death penalty law unconstitutional. *Jones v. Chappell* was filed solely to declare California's death penalty law unconstitutional under the guise of federal adjudication. The death penalty is the law of this land and cannot be declared unconstitutional in a fabricated case wherein the State of California is representing both sides.

A "controversy" in the constitutional sense must be one that is appropriate for judicial determination, be definite and concrete, touching legal relations of parties having *adverse* legal interests, and be a real and substantial controversy admitting of specific relief through decree of conclusive character under Article 3 Section 2 of the United States Constitution. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-241 (1937). Even when Article III permits the exercise of federal jurisdiction, prudential considerations demand that the court insist upon that *concrete adverseness* which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions. *U.S. v. Windsor*, 133 S.Ct. 2675, 2687 (2013). Even in a litigation where only private rights are involved, judgment will not be allowed to stand where one of parties has *dominated conduct of suit* by payment of fees of both. *U.S. v. Johnson*, 319 U.S. 302, 304 (1943). An honest and actual *antagonistic* assertion of rights is indispensable to adjudication of constitutional questions by the United States Supreme Court. *U.S. v. Johnson*, 319 U.S. 302, 304-305 (1943). Whenever

2

in course of litigation absence of honest and actual *antagonistic* assertion of rights is brought to court's attention, the court may set aside any adjudication thus procured and dismiss the cause without entering judgment on the merits, and it is court's duty to do so where *public interest has been placed at hazard* (i.e. State of California brings a case in federal court where it controls both sides that circumvents the defeated Proposition 34 by having the death penalty law declared unconstitutional under the guise of federal adjudication) by amenities of parties to suit conducted under *domination of only one of them. U.S. v. Johnson*, 319 U.S. 302, 304-305 (1943). Parties may not by stipulation invoke judicial power of United States in litigation which *does not present an actual case or controversy. Memphis Light, Gas and Water Division v. Craft*, 436 U.S. 1, 7-8 (1978).

Law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches. *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014). To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014). Injury-in-fact requirement for Article III standing helps to ensure that the plaintiff has a personal stake in the outcome of the controversy. *Susan B. Anthony List v.*

*Driehaus*, 134 S.Ct. 2334, 2341 (2014). Allegation of future injury may suffice for Article III standing if the threatened injury is certainly impending or there is a substantial risk that the harm will occur. *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014).

    Appellant Soos and Appellant Justice have standing to pursue this appeal because they are currently working on an initiative concerning California's income tax law wherein the initiative would clarify that the word "persons" as used under Article 13 Section 26(a) of the California Constitution means "artificial persons" not "natural persons" and if the decision declaring California's death penalty law unconstitutional from the federal court is allowed to stand it will allow the State of California to bring case after case in federal court where it controls both sides of the cases and have laws passed under an initiative or a referendum by the People of the State of California declared unconstitutional in federal court. Ms. Diane Boyer-Vine, Legislative Counsel of California can confirm that Appellant Soos and Appellant Justice are currently working on an income tax initiative in California. A copy of a fax from the California Secretary of State is attached as Exhibit B and it shows that Appellant Soos and Appellant Justice began work on their income tax initiative in March of 2013. Appellant Soos and Appellant Justice will not invest millions in a proposition and have the State of California then go into federal court with a case it controls on both sides to have it declared unconstitutional.

Dated: August 25, 2014

By: *[signature]*
Mr. Emery D. Soos, Jr.
Appellant

By: *[signature]*
Dr. Robert V. Justice
Appellant

# Exhibit A



**HOME · ABOUT HCRC · COURT APPOINTMENTS · RESOURCES · EMPLOYMENT · CONTACT HCRC**

The Habeas Corpus Resource Center (HCRC) was established in 1998 to accept appointments in state and federal habeas corpus proceedings and to provide training and support for private attorneys who are appointed to these cases. The HCRC was created as a part of the judicial branch of the State of California, effective January 1, 1998, by Senate Bill (SB) 513 (Ch. 869, 1998 Stats.).

The legislation brought substantial changes to habeas corpus representation in capital cases by establishing the HCRC and by making two fundamental changes in the procedures governing appointment of counsel to represent indigent persons in capital cases pending before the California Supreme Court. SB 513 originally codified these provisions as Government Code sections 68650 to 68654. The provisions subsequently were renumbered as detailed below:

- **Government Code Sections 68660 to 68664.** These sections provide for the creation of the HCRC to train and develop the skills of the attorneys appointed to habeas corpus proceedings.
- **Government Code Section 68663.** Section 68663 provides for separate counsel to be appointed to represent death-sentenced prisoners in the automatic direct appeal before the California Supreme Court, and in the post-conviction (or habeas corpus) proceeding, unless the prisoner and counsel request representation by the same attorney in both aspects of the capital case. Prior to the enactment of this provision, the California Supreme Court's practice was to appoint one attorney to represent the inmate in both the direct appeal and the habeas corpus proceedings.
- **Government Code Section 68665.** Section 68665 provides for the Supreme Court to adopt—by rule of court—binding and mandatory competency standards for the appointment of counsel in capital proceedings.

By affording counsel the option of accepting appointments limited to either the direct appeal or habeas corpus proceedings, the Legislature, in enacting Government Code Section 68663, sought to expand the pool of qualified attorneys available to accept appointment in capital cases. As part of that effort, Government Code sections 68660 to 68664 created the HCRC to augment and train the attorneys available to handle habeas corpus proceedings. The HCRC assists the California Supreme Court in seeking qualified counsel for appointment in capital cases.

The HCRC employs legal professionals (attorneys, paralegals, investigators) and a small administrative staff. Staff members are assigned to cases depending on a case's timeline, complexity, size of record, and level of experience of assigned staff. New appointments are carefully screened to ensure that no conflict of interest exists. For cases that do present any conflict, the California Supreme Court makes appointments to qualified private attorneys.

Litigation of a capital appeal and habeas corpus proceeding is a complex and time-consuming undertaking. Counsel appointed to represent death-sentenced prisoners in the automatic appeals review extensive trial records, which average in excess of 9,000 pages of Reporter's and Clerk's transcripts, and research and prepare voluminous briefs based on state and federal statutory and constitutional law. Representation of the prisoner in habeas corpus proceedings includes the duty to review the trial records; conduct an investigation of potential constitutional and statutory defects in the judgment of conviction or the sentence of death; prepare and file a petition for a writ of habeas corpus; represent the prisoner at the hearing to set an execution date pursuant to Penal Code section 1227; and prepare a request for executive clemency from the Governor of California.

©2013 Habeas Corpus Resource Center. All rights reserved.

# Exhibit B

# FAX



**Debra Bowen**
Secretary of State
State of California

**ELECTIONS DIVISION**
(916) 657-2166
1500 - 11th STREET
SACRAMENTO, CA   95814
Voter Registration Hotline
1-800-345-VOTE

| | | | |
|---|---|---|---|
| **TO:** | Emery Soos, Jr. | **FROM:** | Katherine Montgomery |
| **DATE:** | 03/27/13 | | |
| **FAX:** | (310) 881-6987 | **FAX:** | (916) 653-3214 |
| **PHONE:** | | **PHONE:** | (916) 657-2166 |

**RE:**   Qualifying an Initiative for the Ballot

**MESSAGE:**   Please see our Initiative Guide at :

http://www.sos.ca.gov/elections/ballot-measures/how-to-qualify-an-initiative.htm . This guide is a summary of the statewide initiative procedure and the requirements for preparing and qualifying initiatives.

**NUMBER OF PAGES (Including Cover Sheet):**   1

Our fax number is (916) 653-3214. If you experience any difficulty in faxing, please contact us at (916) 657-2166.

For Hearing and Speech Impaired Only 1-800-833-8683

# CERTIFICATE OF SERVICE

      I certify that a copy of the Response to Court's Order of August 12, 2014 was served on August 25, 2014 by mail on the persons listed below.

Hon. Cormac J. Carney
United States District Court
Central District of California
Southern Division
411 W. Fourth St., Courtroom No. 9B
Santa Ana, CA 92701-4516

Ms. Cliona R. Plunkett
Habeas Corpus Resource Center
303 Second St., Ste. 400 South
San Francisco, CA 94107

Mr. Michael Laurence
Habeas Corpus Resource Center
303 Second St., Ste. 400 South
San Francisco, CA 94107

Ms. Patricia C. Daniels
Habeas Corpus Resource Center
303 2nd St., Ste. 400 South
San Francisco, CA 94107

Ms. Bethany Lobo
Habeas Corpus Resource Center
303 2nd St., Ste. 400 South
San Francisco, CA 94107

Mr. Herbert S. Tetef
CAAG-Office of Attorney General of California
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Mr. James W. Bilderback, II
CAAG-Office of Attorney General of California
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Ms. Sarah J. Farhat
CAAG-Office of Attorney General of California
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Dated: August 25, 2014

By: _____
Mr. Emery D. Soos, Jr.

By: _____
Dr. Robert V. Justice